# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO MARTINEZ, | CV F 05 961 AWI LJO P |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1.) |
| v. | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |
| J. EBENEL, et. al., | |
| Defendants. | |

Jose Antonio Martinez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on July 27, 2005, naming Jeanne Woodford, Director of Corrections, Warden Sullivan, and Correctional Officers Ebenel and Ackerman as Defendants.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff alleges that his First Amendment right of access to the courts was denied by Defendant's Ebenel and Ackerman deliberate interference with mail. Plaintiff states that he gave these two Defendants 10 to 15 parcels of legal mail to be mailed out to Plaintiff's attorney but only three of then were reflected in the mail log. (Compl. at 2.) Plaintiff states that he requested "supervisory staff" to question the Defendants "sworn statements defendants willfully, knowingly, with motive and intent eluded questioning." Id at 3. Plaintiff states that during this time he was litigating a criminal conviction and that the two Defendants delayed or denied his receiving an Opening brief in connection with his appeal. Plaintiff asserts generally that "the Defendants" are using "retaliatory measures against Plaintiff for the exercising of rights to administratively file 602 grievances on staff misconduct, and the furtherance of these grievances to the appropriate court of law." (Compl.at 3.)

Plaintiff alleges that Defendants Woodford and Sullivan "learned of Plaintiff's Complaints . . . and failed to remedy or cure Plaintiff's allegations." Id. at 4.

**C. CLAIMS FOR RELIEF**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### 1. Access to Courts

Plaintiff alleges that Defendants Ebenel and Ackerman violated his First Amendment right to access the courts by delaying or failing to mail his outgoing mail.

Prisoners have a fundamental right of access to the courts. Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); Bounds v. Smith, 430 U.S. 817, 821-23, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). Prisoners also enjoy some degree of First Amendment rights in their legal correspondence. See King v. Atiyeh, 814 F.2d 565, 568 (9th Cir.1987); White v. White, 886 F.2d 721, 723 (4th Cir.1989). However, only inmates who can show that they suffered actual injury in their efforts to pursue a particular legal claim may assert claims based on a denial of this First Amendment right. Lewis, 518 U.S. at 351-53, 116 S.Ct. 2174 (actual injury consists of frustration or impairment of a non-frivolous legal claim); see also Vandelft v. Moses, 31 F.3d 794, 796-97 (9th Cir.1994). A delay in filing a legal document without any attendant adverse consequences does not constitute actual harm. Vigliotto v. Terry, 873 F.2d 1201, 1202 (9th Cir.1989).

In this case, although Plaintiff alleges that at the time he had mail difficulties, i.e. getting his legal mail to his attorney, he was litigating a criminal appeal. However, Plaintiff fails to allege in the Complaint any actual harm from interference with his legal mail. As such, Plaintiff has failed to state a First Amendment violation with respect to access to the courts. Lewis, 518 U.S. at 351-53, 116 S.Ct. 2174; King, 814 F.2d at 568; Vigliotto, 873 F.2d at 1202.

### *2. Supervisory Liability*

Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory Defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

In this case, Plaintiff makes general conclusory allegations that Defendants Woodford and Sullivan were "aware" of his mail problems but he alleges no specific facts to support this conclusion. Nor does Plaintiff allege any facts indicating that Defendants personally participated in the alleged deprivation of constitutional rights or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Plaintiff's allegations are purely conclusory and appear to attempt to hold these two Defendants liable solely on the basis of their supervisory position. As such, Plaintiff fails to state a claim of supervisory liability.

### *3. Retaliation*

Plaintiff also makes a general and conclusory allegation that "the Defendants" are retaliating against him for filing staff complaints.

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under Section 1983. <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1288 (9th Cir. 2003.   "Within the prison context, a viable claim of First Amendment retaliation entails five elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567 (9th Cir.2005) (*citations omitted*).

In this case, Plaintiff again makes a general allegation without supporting facts that he is being retaliated against.  Moreover, Plaintiff fails to link any named Defendant to an act or omission giving rise to such a violation. Accordingly, Plaintiff fails to allege a cognizable retaliation claim.

### *4. Prison Mail Regulations*

As noted above, prisoners have "...a First Amendment right to send and receive mail." <u>Witherow v. Paff</u>, 52 F.3d 264, 265 (9th Cir. 1995).  Prison regulations relating to the regulation of incoming mail are analyzed under the <u>Turner</u> reasonableness standard set forth in <u>Turner v. Safley</u>, 482 U.S. 78, 89-91 (1987). <u>Thornburgh v. Abbott</u>, 490 U.S. 401, 413-14 (1989).  The regulation is valid if it is reasonably related to legitimate penological interests. <u>Turner</u>, 482 U.S. at 89.  In determining the reasonableness of the regulation, court must consider the following factors: (1) whether there is a "valid, rational connection between the regulation and the legitimate government interest put forward to justify it," (2) "whether there are alternative means of exercising the right," (3) the impact that the "accommodation of the asserted constitutional right will have on guards and other inmates," and (4) "the absence of ready alternatives." <u>Turner</u>, 482 U.S. at 89-90.

In his Complaint, Plaintiff alleges that the regulations in place concerning legal mail are inadequate.  However, Plaintiff alleges no facts indicating that the regulations are unconstitutional

5

and does not link any of Defendants as those who promulgated or enforced the regulation. Plaintiff's allegations are purely conclusory and such generality is insufficient to state a cognizable claim for relief.

**D. CONCLUSION**

The Court finds that Plaintiff's complaint does not contain any claims upon which relief can be granted under § 1983 against any of the Defendants. The Court will provide Plaintiff with time to file an Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The Amended Complaint must specifically state how each Defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading. As a general rule, an Amended Complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Amended Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

**E. ORDER**

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Complaint is DISMISSED with leave to amend. WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

6

       a.      File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

       b.      Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case. See, Fed.R.Civ.P. 41(a)(1).

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:**   **October 31, 2006**                /s/ Lawrence J. O'Neill
b9ed48                                        UNITED STATES MAGISTRATE JUDGE